UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO.:  8:05-cr-35-T-23EAJ

LEONARD SAMPSON
_____/

## SENTENCING MEMORANDUM

In his response (Doc. 37) to the supplemental presentence report and the United

States's "Response to Order Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. 36), Leonard

Sampson requests a re-sentencing based on United States v. Booker, 543 U.S. 220

(2005), Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007), and Gall v.

United States, 128 S. Ct. 586 (2007).  Additionally, Sampson cites United States v.

Hicks, 472 F. 3d 1156 (9th Cir. 2007); United States v. Barrett, 2008 WL 938926 (M.D.

Fla. 2008); United States v. Stokes, 2008 WL 93819 (M.D. Fla. 2008), United States v.

Polanco, 2007 WL 144825 (S.D.N.Y. Jan. 15, 2008), and United States v. Taylor, 2008

WL 782739 (7th Cir. Mar. 26, 2008).  However, Section 1B1.10(a)(3) of the Sentencing

Guidelines provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy

statement do not constitute a full re-sentencing of the defendant."  A re-sentencing

under the amendments upon which Sampson depends presents an occasion only to re-

calculate the original guidelines by substituting an offense level two levels lower than

the original offense level to determine whether the result reduces the applicable

sentence, which may not occur in the instance of a career offender, an offender subject

to a statutory minimum mandatory sentence, and others.  As stated in United States v.

- 2 -

Rodriguez-Pena, 470 F. 3d 431, 433 (1st Cir. 2007), Sampson's argument that Section

3582(c)(2) permits a plenary re-sentencing in accord with Booker "has been roundly

rejected."  United States v. Crawford, 243 Fed. Appx. 476 (11th Cir. 2007); United

States v. Price, 438 F. 3d 1005 (10th Cir. 2006), cert. denied, 547 U. S. 1185 (2006)

(and cases cited at footnote 2); United States v. Moreno, 421 F. 3d 1217 (11th Cir.

2005), cert. denied, 547 U. S. 1050 (2006); United States v. Thomas, 2008 WL 1776519

(M.D. Fla. 2008) (Steele, J.); United States v. Sprague, 2007 WL 3145087 (M.D. Fla.

2007) (Whittemore, J.).  Sampson's request for a plenary re-sentencing in accord with

Booker is rejected.

However, a review of the circumstances of this case, including the pre-sentence

report and the matters offered by Sampson in support of a reduction in sentence under

Booker, confirms that the sentence that results from the present adjustment under the

newly retroactive and reduced "crack" guidelines is a "reasonable sentence" as defined

by Booker and effected by application of the factors arrayed at 18 U.S.C. § 3553(a).

ORDERED in Tampa, Florida, on July 21, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE